**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ANTHONY SONNIER, ) | |
| ) | |
|     Petitioner, ) | Case No. CV 07-029-S-LMB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY ) | **AND ORDER** |
| ADMINISTRATION, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

Currently pending before the Court is Anthony Sonnier's Petition for Review seeking review of the final decision of Respondent denying his claim for disability insurance benefits and supplemental security income payments. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Anthony Sonnier ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act on May 11, 2004. (AR 94). Petitioner alleged disability beginning October 12, 2002 as a result of attention deficit disorder (ADD), attention deficit hyperactivity disorder (ADHD), memory loss, diabetes, migraine headaches,

**MEMORANDUM DECISION AND ORDER - 1**

high blood pressure, back pain, asthma, and depression. (AR 92, 104). Petitioner's application was denied initially and again after reconsideration. (AR 73-84). Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). ALJ G. Alejandro Martinez held a hearing on February 8, 2006, at which time Petitioner, represented by counsel, appeared and testified. Kristy Farnsworth, Ph.D., a medical expert, and John F. Hurst., a vocational expert, also testified. (AR 43-69).

At the time the ALJ issued his decision, Petitioner was 43 years of age. (AR 92). He had completed the tenth grade of high school and had past work experience as fast food worker, truck driver, restaurant manager, carpet layer, and laborer. (AR 63-105, 119-128).

On June 6, 2006, the ALJ issued a decision denying Petitioner's claim because the ALJ found Petitioner was capable of performing his past relevant work as a fast food cashier and, therefore, was not disabled as defined by the Regulations. (AR 17-25).

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on December 4, 2006 making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 8-10).

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner requests that the ALJ's decision be vacated and remanded for further proceedings.

## II.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

**MEMORANDUM DECISION AND ORDER - 3**

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## III.

## DISCUSSION

### A. Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity at any time relevant to the ALJ's decision. (AR 19).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner has depression and a personality disorder with avoidant and anti-social features, impairments that are "severe" within the meaning of the Regulations. (AR 19-20).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is

**MEMORANDUM DECISION AND ORDER - 5**

disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that Petitioner's impairments are not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  The ALJ found that Petitioner does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the Regulations.  (AR 20).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that Petitioner retains the residual functional capacity to perform the full range of exertional activity with mild limitations.  (AR 20-21).  Specifically, the ALJ found that Petitioner is

> mildly limited in his ability to remember locations and work-like procedures, to carry out detailed instructions, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, to sustain an ordinary routine without special supervision, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  He is mildly to moderately limited in his ability to sustain concentration and attention for extended periods and to make simple work-related decisions.  He is moderately limited in his ability to interact appropriately with the general public.  Moderate impairments mean that the claimant is limited in the area discussed, but is still able to function, but not so well as to receive promotions.

(AR 20-21).

The ALJ concluded that Petitioner is capable of performing past relevant work as a fast food cashier.  (AR 25).  Because the ALJ found that Petitioner is capable of returning to his past relevant work, he did not address the fifth step.

**MEMORANDUM DECISION AND ORDER - 6**

**B.     Analysis**

Petitioner argues that the ALJ erred by failing to assign proper weight to the medial records and testimony of Petitioner's treating and examining physicians and that the ALJ failed to support his findings with substantial evidence.  Petitioner's Br., p. 2 (Docket No. 14).

**1.     Findings at Step 2**

Petitioner first argues that the ALJ erred by failing to find at step two that Petitioner suffers from bipolar disorder as a severe impairment because there are "numerous medical records establishing it."  (AR 14).  The work-related impairments caused by every medically determinable impairment, regardless of its severity, must be accommodated in an ALJ's residual functional capacity ("RFC") finding; thus, regardless of whether the ALJ found that Petitioner suffers from a severe bipolar impairment, he was required to include any limitations caused by a bipolar condition in the RFC.  *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5, 6 (July 2, 1996).  Petitioner has not explained what additional limitations would have been included in the RFC had the ALJ found a severe bipolar disorder.  For this reason, and because the ALJ's RFC included cognitive and functional limitations that he found were caused by Petitioner's mental conditions, regardless of the label assigned to those conditions, any failure to find bipolar disorder as a severe impairment amounts to harmless error.  *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Moreover, the ALJ questioned the consultative expert, Dr. Kristy Farnsworth, about a possible bipolar condition and she testified that the "common element" throughout the record was depression, three of four consultive physicians had not diagnosed bipolar disorder, and the record lacked evidence of "manic episodes."  (AR 44-48).  The ALJ appropriately relied on Dr.

**MEMORANDUM DECISION AND ORDER - 7**

Farnsworth's observations in deciding to exclude bipolar disorder from the list of Petitioner's severe limitations. Even though it is possible to interpret the medical evidence as establishing bipolar disorder, the ALJ's finding is supported by evidence sufficient to uphold his decision, and his finding will not be second-guessed. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (explaining that the ALJ is responsible for resolving conflicts and ambiguities in medical testimony).

### 2.     Treating Source Opinions & Residual Functional Capacity

Petitioner argues that the ALJ committed legal error by failing to properly consider the testimony of several treating sources. Dr. Susan Lee treated Petitioner for almost two years. (AR 236, 239, 803). Dr. Lee found Petitioner's "diagnoses that would cause impairments in his ability to do work related activity would include: depression, that adversely effects his cognitive performance, personality disorder, which adversely effects social interactions and his diagnosis of bipolar disorder, which creates a general instability in his day to day ability to function." (AR 239). The ALJ determined that Dr. Lee's opinion did not suggest "that the claimant was so dysfunctional as to be incapable of working at [a] substantial gainful activity level." (AR 22).

Additionally, the ALJ discussed Dr. Lee's "diagnoses that would cause impairments in [Petitioner's] ability to do work," (AR 22, 239), and then considered that information when assessing an RFC that included limitations related to cognitive performance and social interactions, (AR 20-21). Moreover, the ALJ discussed other medical opinions that supported his RFC assessment. (AR 22-24). For these reasons, the ALJ's consideration of Dr. Lee's testimony will not be disturbed.

**MEMORANDUM DECISION AND ORDER - 8**

The observations of Serena Lambert, a licensed professional counselor who treated Petitioner for eighteen months (AR 236-54), and Bobi Hackworth, a social worker who treated Petitioner for ten months (AR 179, 626, 644, 797), are not accorded the weight given to treating physicians, *see* 20 C.F.R. §§ 404.1502, 416.902; *see also* SSR 06-03p, 71 Fed.Reg. 45,593, 45,594 (Aug. 9, 2006); 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); SSR 06-03p, 71 Fed.Reg. at 45,594 ("only 'acceptable medical sources' can give us medical opinions"), although they are entitled to consideration, 20 C.F.R. §§ 404.1513(d), 416.913(d), 404.1513(d)(1), 416.913(d)(1).

However, "[i]nformation from these 'other sources' cannot establish the existence of a medically determinable impairment." SSR 06-03P, 2006 WL 2329939 at * 2 (Aug. 9, 2006). Rather, opinions from these other sources "should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939 at * 3 (Aug. 9, 2006).

Although Ms. Lambert's treatment records contain reports of Petitioner's feelings during counseling sessions (AR 245-63), she submitted a letter in November of 2004 stating that she did "not feel qualified to make a recommendation at this time regarding [Petitioner's] ability to perform work-related activities base[d] on our counseling relationship." (AR 236). Accordingly, the ALJ did not error by failing to specifically discuss Ms. Lambert's observations, considering that the ALJ noted he had considered the objective medical evidence, opinion evidence, and other evidence of record. (AR 21).

Bobi Hackworth's treatment notes similarly contain Petitioner's self-reports of his ability to work (*see*, e.g., AR 644), but do not provide Ms. Hackworth's opinion as to Petitioner's ability. Additionally, the ALJ noted in his decision a progress note from Bobi Hackworth in

**MEMORANDUM DECISION AND ORDER - 9**

connection with Petitioner's work activity (AR 19), which supports finding that the ALJ considered Ms. Hackworth's treatment notes along with the other record evidence when assessing Petitioner's claims.

Petitioner also objects to the ALJ's treatment of the opinions of Dr. John L. Christensen, who performed a consultative examination of Petitioner at the request of Dr. Mark Horrocks. (AR 795). Dr. Christensen opined that Petitioner's "difficulties would impact his ability to perform work-related activities." (AR 801). The ALJ discussed Dr. Christensen's evaluation and opinions and gave the testing by Dr. Christensen "the weight of a consultative opinion," but "determined that there is nothing in Dr. Christensen's testing results to indicate that claimant is not capable of some substantial gainful activity." (AR 24). Additionally, the ALJ noted that Dr. Christensen's opinions were not accompanied by supporting treatment notes and were not supported by substantial other evidence in the medical record. (AR 24). This is sufficient reason to accord less weight to Dr. Christensen's opinions, especially in light of the contradictory opinions by other reviewing physicians. (*See*, *e.g*., AR 199-212 & 354-67).

Finally, Petitioner argues that the ALJ should have relied on Dr. Tony Cellucci's observations to find that Petitioner "suffers symptoms from mental impairments that combine to severely limit his intellectual functioning." Petitioner's Br., p. 9. Dr. Cellucci administered tests to Petitioner and suggested that Petitioner would need considerable help in completing an academic program. (AR 635-40). The ALJ noted that Dr. Cellucci did not suggest "that claimant could not complete a higher education degree," (AR 23), and the ALJ's RFC accommodated the limitations of impaired concentration, memory, and attention. (AR 20-21).

**MEMORANDUM DECISION AND ORDER - 10**

In summary, in assessing Petitioner's RFC and making other determination in the step-by-step analysis, the ALJ applied the proper legal standards, accorded appropriate treatment to all of the medical evidence and opinions, and supported his decision with substantial evidence. *Bayliss*, 427 F.3d. at 1217.

### 3. Step 3 & The Listings Considered

Petitioner argues that the ALJ's finding at Step 3 is incomplete because he did not address Listings 12.02 (organic mental disorders) and 12.06 (anxiety related disorders) in his decision. Petitioner's Br., p. 14 (Docket No. 14). The Listings describe impairments severe enough to be disabling per se and the Petitioner bears the burden of producing medical evidence to establish the medical findings required to meet a Listing requirement. *See* 20 C.F.R. § 404.1525; *Tackett v. Apfel*, 180 F.3d. 1094, 1099 (9th Cir. 1999); *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).

Dr. John L. Christensen gave Petitioner a neuropsychological evaluation on February 3, 2006, and concluded that Petitioner's "difficulties do probably lead to functional impairment on a daily basis." (AR 24, 800). Dr. Christensen also found that Petitioner met certain criteria for Listing 12.02 (AR 794).

The ALJ considered the clinical, laboratory and other objective signs and findings of record and determined that the record did not establish an impairment that met or equaled, singly or in combination, a listed impairment. (AR 20). Although the ALJ gave "[s]pecial review" to Listing 12.04 (affective disorders) and 12.08 (personality disorders), there is no indication that his review was limited to these two Listings and, in fact, the ALJ noted that he had considered the listing of impairments under Appendix 1. (AR 20).

**MEMORANDUM DECISION AND ORDER - 11**

"It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ discussed the record evidence (AR 21-25), and relied on the opinion of Dr. Farnsworth, who reviewed the entire record, questioned Petitioner, and determined that Petitioner's condition did not meet or equal any Listing. (AR 43-58). A reviewing physician's opinion may be considered substantial evidence if it is consistent with other evidence in the record. *See Tonapetyan v.Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Christiansen that Petitioner met the Listings requirements (AR 782-86) because his opinion was not supported by substantial record evidence and not accompanied by supporting treatment notes, but instead was apparently formed after a single examination. (AR 24). *Compare Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194-95 (9th Cir. 2004). The ALJ determined that "there is nothing in Dr. Christiansen's testing results to indicate that [he] is not capable of some substantial gainful activity." (AR 24). Evidence in the record supports the AJL's conclusions. For example, Dr. Christiansen made inconsistent findings about the number of episodes of decomposition Petitioner experiences, listing it as "4+", "continuous," and also in the "1-2" range. (AR 782, 784, 785, 786, 793). *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (explaining that inconsistencies in a physician's report may be considered when determining the weight assigned to the report).

Although Petitioner discusses the reports by physicians that Petitioner's impairments cause more severe limitations than those found by the ALJ, there is evidence to the contrary relied on by the AJL and the AJL discussed the opinions of the physicians upon which Petitioner

**MEMORANDUM DECISION AND ORDER - 12**

relies.  The ALJ appropriately relied on the opinions of Drs. Maximo Callao (AR 199-212), Dave Sanford (354-67), and Kristy Farnsworth, whose opinions contradict those of Petitioner's treating and examining physicians.  (*Compare, e.g.*, AR 200-08 *with* 778-801).  Drs. Callao and Sanford considered both the A and B criteria for Listing 12.02 and 12.06 and did not find a medically determinable impairment under these Listings.  (*See* AR 200, 204, 355, 359).  This Court on review must uphold the AJL's findings, even if other interpretations of the evidence are possible.  *Burch v. Barnhart*,400 F.3d 676, 679 (9th Cir. 2005); *Batson*, 359 F.3d at 1195.

Petitioner also argues that Dr. Maximo J. Callao, Ph.D, should have "objectively considered the mental symptoms manifested by Mr. Sonnier in his medical records, and taken the time to compare them with all of the possible criteria in the regulations to properly assess how they were or were not met" by Petitioner.  Petitioner's Br., p. 12 (Docket No. 14).  The ALJ, however, stated that he considered all of Petitioner's symptoms in combination.  (AR 20-21).  Petitioner surmises that it is more likely the ALJ reasoned that Petitioner "has ADHD, and there must be many people with ADHD who have th residual functional capacity to work at light or sedentary jobs, and so it does not appear that [Petitioner] is disabled simply because of that diagnosis."  Petitioner Br., p. 13 (Docket No. 14).  This speculation about the AJL's thinking has no relevance to the Court's review.  Moreover, Petitioner's ADHD could not have met Listing 12.02 because Petitioner has pointed to no "physical examination or laboratory tests demonstrat[ing] the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities."  20 C.F.R., pt. 404, subpt. P, app. 1; *see also* 20 C.F.R. § 404.1525(c)(3); 20 C.F.R. § 404.1526(b)(1).

**MEMORANDUM DECISION AND ORDER - 13**

For all of these reasons, the findings and conclusions of the ALJ with respect to the medical evidence of record and the Listing requirements will not be overturned.

### 4. Petitioner's credibility

The ALJ found that Petitioner's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Petitioner's] statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (AR 21). The ALJ then examined Petitioner's statements regarding the effectiveness of his medications, his reports of hospitalizations for his conditions, and his statements about his alcohol consumption. (AR 19-22).

Petitioner argues that the ALJ improperly relied on inconsistent statements about Petitioner's use of medications and their effectiveness to find Petitioner not entirely credible. Petitioner's Br., pp. 15-16. Petitioner argues that his statements "are credible and accurate reflections of how he was feeling at the time he made the reports, and overall, any contradictions and inconsistences in the testimony are evidence that [Petitioner] cannot be assumed to have maintained a stable mood or outlook over time." *Id.* at p. 16.

Again, Petitioner takes issue with the AJL's interpretation of the evidence, but the ALJ is responsible for determining credibility by resolving conflicts and ambiguities, *Meanel*, 172 F.3d at 1113, and if the credibility finding is supported by substantial evidence in the record, the Court will not second-guess the finding on review, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Significantly, "[o]ne strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p, 1996 WL 374186, at *5; *see also Burch*, 400 F.3d at 680.

**MEMORANDUM DECISION AND ORDER - 14**

Moreover, an ALJ may reject a claimant's testimony when the claimant is untruthful about substance abuse, *Verduzco*, 188 F.3d at 1090, or exhibits a tendency to exaggerate, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  Finally, even if one of the reasons supporting the ALJ's credibility determination is eliminated, that does not necessarily render improper the entire credibility assessment.  *See Batson*, 359 F.3d at 1197.  The AJL here provided specific reasons for his credibility determination (AR 22-24) that are sufficient for this Court to conclude he did not arbitrarily discredit Petitioner's testimony.  *See Thomas*, 278 F.3d at 958.

## IV.

## CONCLUSION

Although there is some evidence tending to support Petitioner's position, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner.  Petitioner argues that the record, when viewed as a whole, supports a conclusion that he was disabled within the meaning of the Act from his alleged onset date.

However, as discussed in this opinion, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, as exists here, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The Court finds that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to

**MEMORANDUM DECISION AND ORDER - 15**

support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

## V.

## ORDER

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED:  **March 31, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge